**FILED**

DEC 0 4 2007  NR

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **07 CR   794** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| GEORGE KONJUCH | ) | Code, Sections 215, 1344, 1346, and |
| ARMANDO NAVARRETE and | ) | 2; Title 26, United States Code, |
| NAVARRETE INDUSTRIES, INC., | ) | Section 7206(1); Title 31, United |
| d/b/a "Integrated Security Solutions" and "INS" | ) | States Code, Section 5324 |

### COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

**JUDGE KENNELLY**

1.    At times material to this indictment:

**MAGISTRATE JUDGE SCHENKIER**

    a.    LaSalle Bank Corporation was the holding company for ABN AMRO Services Company, Inc. ("ABN AMRO") and LaSalle Bank, N.A. ("LaSalle Bank"). ABN AMRO provided services and contracted for services that assisted LaSalle Bank, a bank whose deposits were insured by the Federal Deposit Insurance Corporation, in the operation of more than one hundred of its bank branches located in the Chicago area.

    b.    Defendant NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and INS (hereafter "INS"), provided security services to LaSalle Bank, including security equipment, maintenance of that equipment, and personnel, for numerous LaSalle Bank branches.

    c.    Defendant ARMANDO NAVARRETE was the president and part owner of INS.

    d.    Defendant GEORGE KONJUCH was Vice President of physical security for ABN AMRO. In or about July 2006, KONJUCH was promoted to First Vice President and head of physical security for ABN AMRO. In these positions, KONJUCH was responsible for overseeing

the security systems and security guards for all of LaSalle Bank's retail branches in Illinois. As part of his duties for ABN AMRO, and as an agent of LaSalle Bank, KONJUCH hired, worked with, and oversaw the work of outside vendors, including defendant INS, that provided security services to LaSalle Bank. KONJUCH also had the ability to approve LaSalle Bank's payments of invoices, up to a certain dollar value. While Vice President, KONJUCH could approve LaSalle Bank payments of up to $15,000. While First Vice President, KONJUCH could approve LaSalle Bank payments of up to $50,000.

 e. Based upon his position, KONJUCH owed a duty of honest services to ABN AMRO and LaSalle Bank. Among other things, this duty of honest services, articulated in standards governing the conduct of ABN AMRO employees, required KONJUCH to:

 i. Exercise good faith in his dealings with ABN AMRO and LaSalle Bank;

 ii. Refrain from engaging in personal activities that conflicted with the best interests of ABN AMRO and LaSalle Bank;

 iii. Avoid conflicts involving business or personal opportunities, which came to his attention as a result of his duties with ABN AMRO and LaSalle Bank;

 iv. Refrain from representing or exercising authority on behalf of ABN AMRO and LaSalle Bank in any transaction with any person or entity with which he had a material financial interest;

 v. Avoid accepting gifts, services, or payments from any of ABN AMRO's or LaSalle Bank's suppliers; and

 vi. Immediately inform ABN AMRO and LaSalle Bank if he was to derive personal gain or benefit from any transaction between ABN AMRO or LaSalle Bank and any individual or firm;

2.      Beginning in or about 2001 and continuing to on or about September 11, 2006, in the Northern District of Illinois, Eastern Division and elsewhere,

GEORGE KONJUCH,
ARMANDO NAVARRETE, and
NAVARRETE INDUSTRIES, INC., d/b/a "Integrated Security Solutions" and "INS",

defendants herein, and others known and unknown to the grand jury, executed, and attempted to execute, a scheme to defraud LaSalle Bank, a financial institution, of money, property, and the intangible right to the honest services of its employees and officials, and to obtain monies and funds owned by and under the custody and control of LaSalle Bank by means of materially false and fraudulent pretenses, representations, promises, and by material omissions, as further alleged herein.

3.      It was part of the scheme to defraud that defendant KONJUCH caused LaSalle Bank to use INS as a vendor and steered millions of dollars of LaSalle Bank business to INS in return for hundreds of thousands of dollars' worth of payments and personal benefits from defendant NAVARRETE.

4.      It was further part of the scheme that defendants NAVARRETE and INS charged what they and defendant KONJUCH knew were substantially above-market prices for preventative maintenance on security equipment and other services rendered to LaSalle Bank.

5.      It was further part of the scheme that defendant NAVARRETE forwarded INS's invoices containing above-market prices to ABN AMRO for KONJUCH to review and approve on behalf of LaSalle Bank.

6.      It was further part of the scheme that even though many of the fraudulent invoices from INS were in amounts that exceeded his authority to approve and pay, defendant KONJUCH caused these invoices to be paid by directing his assistants to break each INS invoice exceeding

3

KONJUCH's approval authority into many different invoices so that KONJUCH could approve LaSalle Bank's payment of them.

7.    It was further part of the scheme that in return for steering the LaSalle Bank business to INS and approving the invoices containing the above-market prices, defendants NAVARRETE and INS provided defendant KONJUCH and members of his family with cash and other personal benefits, including but not limited to the following:

      a.    substantial amounts of cash paid to KONJUCH;

      b.    two safes for KONJUCH to use in his residence;

      c.    installation and monitoring of a security system at KONJUCH's residence;

      d.    payment for other services and improvements at KONJUCH's residence, including but not limited to home landscaping and snow removal services;

      e.    exercise equipment for KONJUCH's residence;

      f.    travel expenses for KONJUCH and his family, including travel to Las Vegas and Puerto Rico;

      g.    payments and benefits to KONJUCH's children, including a $10,000 payment to KONJUCH's daughter as a wedding present and attorneys fees for KONJUCH's son.

8.    In order to facilitate and conceal the cash payments to defendant KONJUCH, defendant NAVARRETE transferred money from INS's bank accounts into NAVARRETE's personal accounts. NAVARRETE then withdrew cash from his personal accounts in increments that were normally at least $4,000, but less than $10,000, so that the banks would not report the transactions to the Internal Revenue Service.

9.     It was further part of the scheme that in order to conceal the payments, defendant KONJUCH did not report the cash and other benefits he received from NAVARRETE on his federal income tax returns.

10.     It was further part of the scheme that defendants KONJUCH and NAVARRETE misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the aforementioned scheme.

11.     As a result of the scheme:

a.     Defendant KONJUCH fraudulently obtained approximately in excess of $400,000 in cash and other benefits from NAVARRETE and INS;

b.     Defendants NAVARRETE and INS fraudulently obtained in excess of approximately $45 million from LaSalle Bank.

12.     On or about March 23, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,
ARMANDO NAVARRETE, and
NAVARRETE INDUSTRIES, INC., d/b/a "Integrated Security Solutions" and "INS",

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud and obtain money, by causing LaSalle Bank to transfer approximately $655,472 into INS's account at LaSalle Bank.

In violation of Title 18, United States Code, Sections 1344 and 1346.

## COUNT TWO

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about September 7, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,
ARMANDO NAVARRETE, and
NAVARRETE INDUSTRIES, INC., d/b/a "Integrated Security Solutions" and "INS",

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud and obtain money, by causing LaSalle Bank to transfer $704,685 into INS's account at LaSalle Bank.

In violation of Title 18, United States Code, Sections 1344 and 1346.

## COUNT THREE

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.    On or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,
ARMANDO NAVARRETE, and
NAVARRETE INDUSTRIES, INC., d/b/a "Integrated Security Solutions" and "INS",

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud and obtain money, by causing LaSalle Bank to transfer $680,036 into INS's account at LaSalle Bank.

In violation of Title 18, United States Code, Sections 1344 and 1346.

7

## COUNT FOUR

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about April 6, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,
ARMANDO NAVARRETE, and
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud and obtain money, by causing LaSalle Bank to transfer $730,549 into INS's account at LaSalle Bank.

In violation of Title 18, United States Code, Sections 1344 and 1346.

## COUNT FIVE

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.    On or about July 24, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,
ARMANDO NAVARRETE, and
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud and obtain money, by causing LaSalle Bank to transfer $673,627 into INS's account at LaSalle Bank.

In violation of Title 18, United States Code, Sections 1344 and 1346.

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about January 6, 2005, at Chicago and Des Plaines, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARMANDO NAVARRETE and
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, corruptly gave, offered, and promised Bowflex exercise equipment valued at approximately $800, to GEORGE KONJUCH, with the intent to influence and reward KONJUCH in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Sections 215(a)(1) and 2.

10

## COUNT SEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about April 22, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARMANDO NAVARRETE and
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, corruptly gave, offered, and promised at least approximately $5,500 in cash to GEORGE KONJUCH with the intent to influence and reward KONJUCH in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Sections 215(a)(1) and 2.

## COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.    On or about October 21, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARMANDO NAVARRETE and
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, corruptly gave, offered, and promised at least approximately $6,000 in cash to GEORGE KONJUCH with the intent to influence and reward KONJUCH in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Sections 215(a)(1) and 2.

12

## COUNT NINE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about March 13, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARMANDO NAVARRETE and
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, corruptly gave, offered, and promised at least approximately $12,500 in cash to GEORGE KONJUCH with the intent to influence and reward KONJUCH in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Sections 215(a)(1) and 2.

## **COUNT TEN**

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.    On or about May 15, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARMANDO NAVARRETE and
NAVARRETE INDUSTRIES, INC., d/b/a "Integrated Security Solutions" and "INS",

defendants herein, corruptly gave, offered, and promised at least approximately $12,000 in cash to GEORGE KONJUCH with the intent to influence and reward KONJUCH in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Sections 215(a)(1) and 2.

## COUNT ELEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about January 6, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### GEORGE KONJUCH,

defendant herein, corruptly solicited, demanded, accepted, and agreed to accept Bowflex exercise equipment, valued at approximately $800, from ARMANDO NAVARRETE and INS, intending to be influenced and rewarded in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Section 215(a)(2).

## COUNT TWELVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about April 22, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,

defendant herein, corruptly solicited, demanded, accepted, and agreed to accept, approximately at least $5,500 in cash from ARMANDO NAVARRETE and INS, intending to be influenced and rewarded in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Section 215(a)(2).

16

## COUNT THIRTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about October 21, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,

defendant herein, corruptly solicited, demanded, accepted, and agreed to accept, approximately at least $6,000 in cash from ARMANDO NAVARRETE and INS, intending to be influenced and rewarded in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Section 215(a)(2).

17

## **COUNT FOURTEEN**

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.    On or about March 13, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

GEORGE KONJUCH,

defendant herein, corruptly solicited, demanded, accepted, and agreed to accept, approximately at least $12,500 in cash from ARMANDO NAVARRETE and INS, intending to be influenced and rewarded in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Section 215(a)(2).

## COUNT FIFTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about May 15, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### GEORGE KONJUCH,

defendant herein, corruptly solicited, demanded, accepted, and agreed to accept, approximately at least $12,000 in cash from ARMANDO NAVARRETE and INS, intending to be influenced and rewarded in connection with LaSalle Bank's business and transactions.

In violation of Title 18, United States Code, Section 215(a)(2).

## COUNTS SIXTEEN THROUGH TWENTY

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraph 1(b) and (c) of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      At times material to these Counts:

A.      Title 31, United States Code, Section 5313(a) and Title 31, Code of Federal Regulations, Section 103.22(b)(1), required a domestic financial institution to prepare and file with the Internal Revenue Service a Currency Transaction Report (Form 4789) for any transaction involving currency of more than $10,000;

B.      Information reported on Forms 4789 included the names and addresses of the persons conducting the transactions and the individuals or entities on whose behalf the transactions were made;

C.      Information reported on Forms 4789 was used in criminal, tax, and regulatory investigations and proceedings;

D.      Harris Bank, LaSalle Bank, and Midwest Bank and Trust, were domestic financial institutions subject to the Currency Transaction Reporting requirements described in the preceding paragraphs;

3.      On or about the dates set forth below, each such date constituting a separate count of this indictment, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARMANDO NAVARRETE,

defendant herein, did willfully and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, caused and attempted

20

to cause domestic financial institutions, namely Harris Bank, LaSalle Bank, and Midwest Bank and

Trust, to fail to file reports required under these statutory and regulatory provisions by withdrawing

money and causing the withdrawal of money, which he did in fact obtain, in amounts under $10,000,

in separate transactions at multiple banks, as set forth below, each group of transactions conducted

on a single date constituting a separate offense:

| Count | Date | Bank | Amount | Total Withdrawal |
|-------|------|------|--------|------------------|
| 16 | April 18, 2006 | Harris Bank<br>LaSalle Bank<br>Midwest Bank and Trust | $4,000<br>$4,000<br>$4,000 | $12,000 |
| 17 | May 8, 2006 | Harris Bank<br>LaSalle Bank<br>Midwest Bank and Trust | $4,000<br>$4,000<br>$4,000 | $12,000 |
| 18 | May 22, 2006 | Harris Bank<br>LaSalle Bank<br>Midwest Bank and Trust | $4,000<br>$4,000<br>$4,000 | $12,000 |
| 19 | June 16, 2006 | Harris Bank<br>LaSalle Bank<br>Midwest Bank and Trust | $4,000<br>$4,000<br>$4,000 | $12,000 |
| 20 | August 1, 2006 | Harris Bank<br>LaSalle Bank<br>Midwest Bank and Trust | $4,000<br>$4,000<br>$4,000 | $12,000 |

All in violation of Title 31, United States Code, Sections 5324(a)(3); and Title 18, United

States Code, Section 2.

21

## COUNT TWENTY-ONE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraph 1(d) of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about March 11, 2006, at Des Plaines, in the Northern District of Illinois, Eastern Division,

### GEORGE KONJUCH,

defendant herein, a resident of Des Plaines, Illinois, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2005, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that it stated on Line 22 that his total income was $117,677 and on Line 43 that his taxable income was $92,331, whereas, in truth and fact, as KONJUCH well knew, his total income and taxable income were in excess of those amounts, in that the defendant failed to report additional gross income received in calendar year 2005, including income related to payments of cash and other benefits by ARMANDO NAVARRETE and INS.

In violation of Title 26, United States Code, Section 7206(1).

22

## COUNT TWENTY-TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraph 1(d) of Count One is hereby realleged and incorporated as if fully set forth herein.

2.    On or about April 16, 2007, at Des Plaines, in the Northern District of Illinois, Eastern Division,,

### GEORGE KONJUCH,

defendant herein, a resident of Des Plaines, Illinois, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2006, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that it stated on Line 22 that his total income was $302,139 and on Line 43 that his taxable income was $186,265, whereas in truth and fact, as KONJUCH well knew, his total income and taxable income were in excess of those amounts, in that the defendant failed to report additional gross income received in calendar year 2006, including income related to payments of cash and other benefits by ARMANDO NAVARRETE and INS.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS

The SPECIAL AUGUST 2006-1 GRAND JURY further alleges:

1. The allegations contained in this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Sections 1344, as alleged in the foregoing Indictment,

GEORGE KONJUCH,<br>
ARMANDO NAVARRETE, and<br>
NAVARRETE INDUSTRIES, INC., d/b/a Integrated Security Solutions and "INS",

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interests of the defendants jointly and severally subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to:

A. All properties, including at least $400,000 in financial benefits, defendant KONJUCH received from defendants NAVARRETE and INS, including:

All funds contained in the accounts identified below:

|     | Financial Institution | Account No. |
|-----|----------------------|-------------|
| 1.  | Fifth Third Bank     | xxxxxx7586  |
| 2.  | LaSalle Bank         | xxxxxx2468  |
| 3.  | LaSalle Bank         | xxxxxx9063  |
| 4.  | LaSalle Bank         | xxxxxx2913  |
| 5.  | TCF Bank             | xxxxxx9835  |
| 6.  | TCF Bank             | xxxxxx9870  |
| 7.  | TCF Bank             | xxxxxx2866  |
| 8.  | TCF Bank             | xxxxxx6093  |
| 9.  | Washington Mutual    | xxxxxxx014-2 |
| 10. | Washington Mutual    | xxxxxxx851-5 |

Real property commonly known as:

1.    2667 Scott Street, Des Plaines, Illinois, which is more particularly

described as:

LOT 8 IN BLOCK 2 IN TOWN IMPROVEMENT
CORPORATION'S DES PLAINES COUNTRYSIDE UNIT
NUMBER 3, A SUBDIVISION OF THE EAST 207 FEET OF THE
SOUTHEAST 1/4 OF THE NORTHWEST 1/4 AND THE WEST 8
ACRES OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF
SECTION 33, TOWNSHIP 41 NORTH RANGE 12, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
PERMANENT REAL ESTATE INDEX NUMBER 09-33-207-026-
0000.

B.    All proceeds, including approximately $45 million defendants NAVARRETE and

INS received from LaSalle Bank, including:

All funds contained in the accounts identified below:

|    | Financial Institution | Account No. |
|----|----------------------|-------------|
| 1. | LaSalle Bank | xxxxxx0145 |
| 2. | LaSalle Bank | xxxxxx4090 |
| 3. | Harris Bank | xxxxx2466 |
| 4. | Harris Bank | xxxxx5465 |
| 5. | Oxford Bank | xxxxx6701 |
| 6. | First Midwest Bank | xxxxxx7590 |
| 7. | Midwest Bank | xxxxx5006 |
| 8. | Interstate Bank | xxxxx0100 |
| 9. | TCF Bank | xxxxxx6683 |
| 10. | JP Morgan Chase | xxxxxx8391 |
| 11. | MidAmerica Bank | xxxxx8933 |
| 12. | MidAmerica Bank | xxxxx4136 |
| 13. | ING Annuities | xxxxxx49-0W |
| 14. | Merrill Lynch | xxxxx2033 |
| 15. | Merrill Lynch | xxxxx2034 |
| 16. | Merrill Lynch | xxxxx2035 |

Real property commonly known as:

1.     255 Mittel Drive, Wood Dale, Illinois, which is more particularly

described as:

PARCEL 1:     LOT 1, TOGETHER WITH THE SOUTH 29.55 FEET OF THE EAST
143.00 FEET OF LOT 3 IN FOREST CREEK UNIT 3A, BEING A

SUBDIVISION OF PART OF LOT 310 IN FOREST CREEK UNIT 3, BEING A RESUBDIVISION IN THE NORTHEAST 1/4 OF SECTION 9 AND THE SOUTH ½ OF SECTION 4, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT OF SAID FOREST CREEK UNIT 3A RECORDED AUGUST 22, 1984 AS DOCUMENT NO. R84-67150, IN DU PAGE COUNTY, ILLINOIS.

PARCEL 2:    NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS FOR THE BENEFIT OF PARCEL 1 ALONG THE EASTERLY 12.00 FEET OF LOT 2 IN FOREST CREEK UNIT 3A CREATED BY PLAT OF SAID FOREST CREEK UNIT 3A RECORDED AUGUST 22, 1984 AS DOCUMENT NO. R84-67150, IN DU PAGE COUNTY, ILLINOIS.

2.    6 Founders Pointe North, Bloomingdale, Illinois, which is more

particularly described as:

PARCEL 1:    LOT 103 IN FOUNDERS POINTE NORTH, BEING A SUBDIVISION OF PART OF THE SOUTHEAST AND SOUTHWEST QUARTERS OF SECTION 15, TOWNSHIP 40 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 22, 1987, AS DOCUMENT R87-153637, IN DU PAGE COUNTY, ILLINOIS.

PARCEL 2:    NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF PARCEL 1 OVER OUTLOTS D AND E FOR INGRESS AND EGRESS AS SET FORTH IN THE PROTECTIVE COVENANTS SHOWN ON THE PLAT OF FOUNDERS POINTE NORTH, AFORESAID, RECORDED OCTOBER 22, 1987, AS DOCUMENT R87-153637, IN DU PAGE COUNTY, ILLINOIS.

4.    If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

A.  Cannot be located upon the exercise of due diligence;

B.  Has been transferred or sold to, or deposited with, a third party;

C.  Has been placed beyond the jurisdiction of the Court;

D.  Has been substantially diminished in value; or

E.  Has been commingled with other property which cannot be divided without difficulty;

27

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).


A TRUE BILL:


_____
FOREPERSON


_____
UNITED STATES ATTORNEY